Edward F. O'Connor, Esq. (State Bar No. 123398)
Travis J. Burch, Esq. (State Bar No. 216175)
THE ECLIPSE GROUP LLP
1920 Main Street, Suite 150
Irvine, California 92614
Telephone: (949) 851-5000
Facsimile: (949) 851-5051
E-mail: eoconnor@eclipsegrp.com
E-mail: tburch@eclipsegrp.com

Attorneys for Defendant and
Counterclaimant Image Magazine, Inc.

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANE RUSSELL, an individual and RUSSELL PUBLISHING GROUP, LTD, a Texas limited partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>IMAGE MAGAZINE, INC., a California corporation, and DOES 1-20, Inclusive,<br><br>Defendants. | Case No. SACV 07-1110 AG (SSx)<br><br>Before the Honorable Andrew J. Guildford<br>Dept. 10D<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| and related cross-action | |

NOTE CHANGES MADE BY THE COURT

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

STIPULATED PROTECTIVE ORDER

## FACTS SUPPORTING GOOD CAUSE FOR ORDER

Each of the parties in this action, in the course of conducting discovery, have requested the other party to produce documents that contain trade secrets or other information that is relevant to a party's claim or defense and which qualify for protection under Rule 26(c).

Discovery has terminated, but the parties need to exchange trial exhibits and the parties want to protect trade secrets relating to customers at trial. The parties hereto believe that good cause exists for issuance of the stipulated proposed protective order under Rule 26.

Accordingly, subject to the approval of this Court, Plaintiffs JANE RUSSELL and RUSSELL PUBLISHING GROUP, LTD. and Defendant IMAGE MAGAZINE, INC. hereby STIPULATE to the following Protective Order in this action:

The Court, having determined that it is appropriate to enter a Protective Order to protect confidential information during discovery and trial, hereby ORDERS as follows:

1.  In connection with production of documents to be used at trial, in this action, the parties may designate any document, thing, material, testimony, or information derived there from, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to any persons, firm, partnership, corporation, limited liability company, or other organization, the disclosure of which information (a) may cause harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained, or (b) would violate an obligation of confidentiality to a third party, including a court.

2.  Documents which qualify as Confidential as defined in paragraph 1 above shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" on each page of the document, preferably in the lower right-hand corner of the page, or as close thereto as feasible. Only those pages of the document which qualify under said definition shall be so stamped.

3.  Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the

purpose of the prosecution, defense, or settlement of this action, and for no other purpose. The persons subject to this Order receiving Confidential Material are ENJOINED from disclosing it to any other person except in conformance with this Order.

    4.    Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to outside counsel for a party (including the paralegal, clerical, secretarial, and other staff employed by such counsel).

        (a)    a party, or an officer, director, in-house counsel, or employee of a party, deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action;

        (b)    independent experts or consultants (together with their clerical staff) retained by such outside counsel to assist in the prosecution, defense, or settlement of this action, provided that the conditions set forth in Paragraph 9 below have been satisfied;

        (c)    court reporters employed by any party in this action;

        (d)    judges, law clerks, court reporters, and other clerical personnel of the Court before which this action is pending; and

        (e)    any other person as agreed by the parties in writing.

Prior to receiving any Confidential Material, each "qualified person" defined in subaragraphs (a), (b), and (e) above shall be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form of Attachment A, a signed copy of which shall be provided forthwith to counsel for each party.

    5.    The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material") in the manner described in Paragraphs 2-3 and Paragraph 7, and the provisions of those paragraphs apply equally to Confidential Material and Attorneys' Eyes Only Material. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to outside counsel for the parties, and to the "qualified persons" listed in subparagraphs 4(b), 4(c), and 4(d), above, but shall not be disclosed to any other person unless otherwise agreed in writing or ordered by the Court. If disclosure of Attorneys' Eyes

Only Material is made pursuant to this Paragraph, all other provisions in this Order with respect to its confidentiality shall also apply. Information, documents and things designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to highly sensitive confidential business information that the designating party believes should not be revealed to the principals and employees of the non-designating party due to the competitive relationship between the parties. Designation of information "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to sensitive business information relating to inventory, sales, non-public financial records, customer information, costs and suppliers, confidential product designs, trade secrets, competitive analyses, business plans, market studies and forecasts, meeting minutes, licensing agreements, internal memoranda and customer correspondence. The categories listed above shall not preclude the parties from agreeing that information not specifically listed above should be maintained "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

6. If a producing party elects to produce documents and things for inspection at its premises rather than producing documents through its counsel, unless agreed to in writing by the parties or by virtue of a court order, such inspection shall not be limited by the producing party, but that party need not label the documents and things in advance of that inspection. For purposes of the inspection, all documents within the produced files will be considered as having been produced under the "CONFIDENTIAL — ATTORNEYS' EYES ONLY" strictures.

7. ~~Testimony taken at trial may be designated as Confidential or Attorneys' Eyes Only by making a statement to that effect on the record. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind the pages of the transcript containing information designated Confidential or Attorneys' Eyes Only, and to label the separately bound pages appropriately.~~ *[struck through, initialed in margin]*

8. Attorneys' Eyes Only information may be disclosed to an independent expert or consultant pursuant to subparagraph 4(b) above, only under the following conditions:

(a) Prior to disclosing any Confidential information or Attorneys' Eyes Only information to any expert or consultant, the party proposing the disclosure shall provide opposing counsel with an executed Nondisclosure Agreement in the form of Attachment A,

together with the expert's or consultant's resume or curriculum vitae, including the name, address, and current employment (if any) of such expert or consultant, and a written statement as to whether the independent expert or consultant has presently or has had in the past a consulting relationship, or any other kind of contractual or employment relationship, with either (i) the party receiving the Confidential Material or the Attorneys' Eyes Only Material, or (ii) any company that manufactures and/or sells fluorescent cove lighting. Such notice shall be provided at least ten (10) calendar days prior to the first proposed disclosure to each independent expert or consultant, unless otherwise agreed by the parties in writing.

(b) Opposing counsel agree that they will not depose or interview such expert or consultant until and unless the expert is designated as a testifying expert by the party proposing the disclosure.

(c) In the event that the producing party objects in writing to the proposed disclosure during the above-stated ten-day period, and the parties are unable to agree on the disclosure that may be made, the objecting party shall have fifteen (15) days to move the Court for an order preventing disclosure of the Confidential information or Attorneys' Eyes Only information. No Confidential information or Attorneys' Eyes Only information shall be disclosed to an independent expert or consultant until any objections to the disclosure of the information have been resolved by the parties or the Court.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of information legally and properly obtained by such party independent of discovery in this action, whether or not such information is also obtained through discovery in this action, or from disclosing its own Confidential or Attorneys' Eyes Only information as it deems appropriate. Further, nothing herein shall preclude a party from having Confidential or Attorneys' Eyes Only information copied, reproduced, or adapted by an outside professional copying, reproduction, or demonstrative exhibit preparation service, provided that the party using such a service takes all steps reasonably available to protect the confidentiality of such information.

10. If Confidential or Attorneys' Eyes Only information, including any portion of a transcript designated as Confidential or Attorneys' Eyes Only information, is included in any papers

[Handwritten margin note: "Parties must follow L.R. 37 procedures"]

to be filed with the Court, such papers shall be labeled "CONFIDENTIAL — FILED UNDER SEAL ~~PURSUANT TO COURT ORDER~~" and filed under seal (in a manner in accordance with the Court's Local Rules) until further order of the Court.

11. In the event that any Confidential or Attorneys' Eyes Only information is used in any open court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all steps reasonably available to protect its confidentiality during such use. Information designated as Confidential or Attorneys' Eyes Only Material shall be maintained at that designation during trial and appeal, unless the parties shall first otherwise agree in writing or the Court rules otherwise. The failure of a party to designate its information as Confidential or Attorneys' Eyes Only shall operate as a waiver.

12. Designation of documents or other specified information as Confidential or Attorneys' Eyes Only by either party, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such. A party shall not be obligated to challenge the propriety of a designation of information as protected at the time made. Subject to Paragraph 14 below, this Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is or is not confidential or whether its use should or should not be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

13. If any party to the action disagrees at any stage of the proceedings with a confidentiality designation, the parties shall first attempt to resolve any such dispute in good faith on an informal basis:

(a) The party challenging the designation shall provide to the producing party written notice of the disagreement, specifically identifying the Confidential or Attorneys' Eyes Only Material in dispute and articulating the challenging party's basis for its challenge of the confidentiality designation.

(b) The producing party shall respond in writing to the challenging party's notice within ten (10) calendar days, articulating the basis for the producing party's designation with sufficient particularity to enable the challenging party to move the Court for an order to otherwise designate the Confidential or Attorneys' Eyes Only Material.

(c) If the dispute cannot be resolved between the parties without intervention by the Court, the party challenging the confidentiality designation may move the Court requesting appropriate relief.

14. No information shall be disclosed to a person not authorized to receive it until the parties shall have first so agreed in writing, or the Court has so ruled. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. The parties may seek leave to have the Court amend or modify this Order by stipulation or by regularly noticed motion.

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission by either party, or of altering the confidentiality or nonconfidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof.

16. Non-party witnesses may invoke all of the provisions of this Order that are available to the parties. This provision does not abridge a non-party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a party, either on the non-party's own motion or on a motion brought on its behalf by an objecting party. The party seeking information from a non-party witness who may possess Confidential or Attorneys' Eyes Only information of the other party in the litigation shall provide a copy of this Order to that non-party witness prior to any production from that witness. The party seeking production shall inform that third party witness of its rights under this Order and its ability to designate any material it produces as Confidential or Attorneys' Eyes Only.

17. This order shall be without prejudice to the right of the parties to request additional protection under Fed. R. Civ. P. 26(c) for discovery requests made hereafter by any party.

18. This Order may survive the final termination of this action and extend through any appeal, to the extent that the information contained in Confidential or Attorneys' Eyes Only Material is not or does not become known to the public, and the Court may retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Within sixty (60) days after termination of this case, counsel for the parties (including the paralegal, clerical, secretarial, and other staff employed by such counsel) shall assemble and return to each other all documents, material, and deposition transcripts designated as Confidential or Attorneys' Eyes Only, and all copies of same, or, upon permission of the other party, shall certify the destruction thereof. However, outside counsel for each party may retain for archival purposes only one (1) set of all Court filings, discovery requests, discovery responses, deposition transcripts and exhibits thereto, trial exhibits, a copy of the record on appeal, and attorney correspondence, which may contain the other party's Confidential and Attorneys' Eyes Only information.

19. The undersigned have actual authority to respectively act for, and contractually bind, each of Plaintiffs Jane Russell and Russell Publishing Group Ltd. and Defendant Image Magazine, Inc. to the terms of this Order.

SO STIPULATED:

Dated: February 12, 2009

_____
Edward F. O'Connor, Esq. (SBN 123398)
Travis J. Burch, Esq. (SBN 216175)
THE ECLIPSE GROUP LLP
1920 Main Street, Suite 150
Irvine, California 92614
Telephone: (949) 851-5000
Facsimile: (949) 851-5051
E-mail: coconnor@eclipsegrp.com
E-mail: tburch@eclipsegrp.com
Attorneys for Defendant and
Counterclaimant Image Magazine, Inc.

1 | Dated: February 12, 2009

G. Michael Jackson, Esq. (SBN 139384)
JONES & DAVIS LLP
27240 Turnberry Lane, Suite 200
Valencia CA 91355
Phone: (661) 632-0746
Fax: (661) 362-0747
Email: mjackson@jonesdavis-law.com
Attorneys for Plaintiffs and Counter-Defendants Jane Russell & Russell Publishing Group Ltd.

## ORDER

For good cause shown, IT IS HEREBY ORDERED THAT the Stipulated Protective Order, set forth herein, be entered on the date set forth below.

Dated: 2/12/09

By: _____
UNITED STATES MAGISTRATE JUDGE

"Suzanne H. Segal"

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

## PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of Orange, State of California. I am employed in the office of THE ECLIPSE GROUP LLP, members of the Bar of the above entitled Court, and I made the service referred to below at their direction. My business address is 1920 Main Street, Suite 150, Irvine, California 92614.

On February 12, 2009, I served the foregoing document:

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

X  **VIA CM/ECF.**  I filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participant(s):

**G Michael Jackson, Esq.**
**Jones Davis**
**27240 Turnberrry Lane, Suite 200**
**Valencia, CA 91355**
**Tel: 661-362-0746**
**mjackson@jonesdavis-law.com**

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 12, 2009, at Orange County, California.

/s/   Julie Tran